# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | |
|---|---|
| Emory W. Roberts, Jr., #373393,  )<br>  )<br>               Petitioner,  )<br>  )<br>v.  )<br>  )<br>Warden Kendall,  )<br>  )<br>              Respondent.  )<br>_____ ) | Civil Action No. 2:22-0220-RMG<br><br>**ORDER AND OPINION** |

    Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") that Petitioner's § 2254 petition be dismissed without prejudice for failure to exhaust available state remedies. (Dkt. No. 4.) Petitioner filed an objection. (Dkt. No. 8.) For the reasons set forth below, the Court adopts the R & R as the order of the Court and dismisses the petition without prejudice.

**I.**    **Background**

    Petitioner proceeds pro se to seek a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) He is currently serving a twenty-five year sentence following his 2017 conviction by a Berkeley County jury of eight counts arising from drug trafficking. While he had been awaiting trial, Petitioner filed his first § 2254 petition before this Court, challenging the legality of his pre-trial detention, which was dismissed with prejudice as moot following the conviction. (No. 2:17-cv-0453-MGB-RMG at Dkt. Nos. 54, 57.) The South Carolina Court of Appeals affirmed the conviction and sentence in 2020 and then denied his petition for rehearing. While the appeal was pending, Petitioner filed an application for post-conviction relief ("PCR") that is currently before the Berkeley County Court of Common Pleas. (No. 2020-CP-08-1349.) The South Carolina Supreme Court then denied his petition for a writ of certiorari in 2020.

**II.     Legal Standard**

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*.  Where a petitioner has not objected to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

**III.     Discussion**

The issue before the Court is whether it "plainly appears" that Petitioner is not entitled to relief under this instant § 2254 petition. Rule 4, Rules Governing § 2254.  If he is not plainly entitled to relief, then the petition must be dismissed; otherwise, Respondent must respond.

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State court corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).  "A habeas petitioner meets the exhaustion requirement by fairly presenting his claims in each appropriate state court, thereby alerting that court to the federal nature of his claim.  To satisfy his burden, the petitioner must

show that both the operative facts and the controlling legal principles were presented to the state court." *Gordon v. Braxton*, 780 F.3d 196, 200 (4th Cir. 2015).

Petitioner states in his petition that each of his proposed habeas grounds for relief are currently "pending" before the PCR court. (Dkt. Nos. 1, 1-2.) Therefore, even affording this pro se Petitioner's petition an appropriate liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it does not demonstrate that Petitioner has exhausted his state remedies, nor does it provide a basis to find that the state process is unavailable or ineffective. *See, e.g.*, *Goss v. Williams*, No. 2:18-cv-2938-BHH, 2020 WL 502635, at *2 (D.S.C. Jan. 31, 2020), *appeal dismissed*, 814 F. App'x 776 (4th Cir. 2020) (dismissing without prejudice pro se § 2254 petition where PCR application pending). The Court has carefully reviewed Petitioner's objection, in which he argues the merits of his proposed grounds for habeas relief rather than that the state court remedies are exhausted, and finds the dismissal without prejudice is warranted. (Dkt. No. 8.) Petitioner may seek federal habeas review, if necessary, once the highest state court has reached its decision on his pending PCR application.

## IV.     Certificate of Appealability

The governing law provides:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253; *see also* Rule 1(b) Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254]."). A petitioner may satisfy this standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). The legal standard for issuance of a certificate of appealability has not been met here because reasonable jurists would not find it debatable that the PCR application is pending. Therefore, a certificate of appealability is denied.

**V.      Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 4) as the order of the Court. Petitioner's § 2254 petition (Dkt. No. 1) is **dismissed without prejudice**. The Clerk is directed to close this action

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

March 28, 2022
Charleston, South Carolina